1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROBERT PECK, JR., | No. 2:15-cv-2244 KJN P |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL G. BULLARD, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges that defendant Bullard, a public defender not of plaintiff's choosing, engaged in legal malpractice when representing plaintiff in criminal case No. LF011459A in San Joaquin County, resulting in plaintiff being convicted and sentenced to 80 years to life in state prison.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Claims of negligence by an attorney are not based on federal law and so are not cognizable under Section 1983.  Franklin v. Oregon, 662 F.2d 1337, 13445 (9th Cir. 1981) (claims of legal malpractice not cognizable in federal court).  Accordingly, plaintiff's claim that defendant Bullard was negligent, even when liberally construed, is not cognizable.

Moreover, even if plaintiff could amend his complaint to assert a violation of his federal constitutional right to due process, which guarantees effective assistance of counsel on appeal of a state court criminal judgment,[1] see Evitts v. Lucey, 469 U.S. 387, 391-405 (1985), his claims

---

[1] Plaintiff raised ineffective assistance of counsel claims in a petition for writ of habeas corpus that was denied on the merits.  Peck v. Lizarraga, No. 2:13-cv-1265 JKS (E.D. Cal. Dec. 15,

1    would still not be cognizable because defendant Bullard is not a state actor.  Defendants in state

2    court prosecutions cannot generally sue their lawyers under Section 1983 for mistakes in their

3    representation.  A public defender does not act under color of state law, an essential element of an

4    action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering

5    pleas, making motions, objecting at trial, cross-examining witnesses, and making closing

6    arguments.  Polk County v. Dodson, 454 U.S. 312, 318-19 (1981); cf. Vermont v. Brillon, 556

7    U.S. 81, 84 (2009) (state court erred in ranking assigned counsel essentially as state actors for

8    purposes of evaluating speedy trial claim).  Plaintiff's allegations against defendant Bullard fall

9    squarely within the scope of work that Polk County has determined is not actionable under

10   Section 1983, namely alleged errors in the representation of plaintiff in his state court criminal

11   proceedings.  For this reason, such claims may not proceed in this action.

12          Finally, the deficiencies in plaintiff's complaint cannot be cured by amendment because

13   the deficiencies identified above cannot be remedied by alleging additional facts.  Regarding his

14   § 1983 claim, it is a matter of settled law that defendant Bullard, in representing plaintiff in his

15   criminal action, is not a state actor, and that legal malpractice claims are not cognizable in federal

16   court.  Thus, such deficiencies in the complaint cannot be remedied by supplying additional facts

17   concerning the quality of defendant's representation of plaintiff, and the complaint should be

18   dismissed.  See Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009); Silva v. Di Vittorio, 658

19   F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is

20   proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by

21   amendment." (internal quotation marks omitted)).  However, because plaintiff may seek to bring

22   additional ineffective assistance of counsel claims in a second federal habeas petition, the

23   complaint is dismissed without leave to amend, but without prejudice.

24   ////

25   ////

---

26
27   2014).  If plaintiff seeks to raise additional ineffective assistance of counsel claims against
     defendant, he must first exhaust his state court remedies as to such claims, and then seek
28   authorization from the United States Court of Appeals for the Ninth Circuit for filing a second or
     successive federal habeas petition.  28 U.S.C. § 2244(b)(3).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is granted solely for the purposes of screening his complaint; and

2. Plaintiff's complaint is dismissed without prejudice.

Dated: December 7, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/peck2244.dm